Opinion of tho Court, by
Judge Owsley .
THIS writ of erroris brought to reverse a judgment rendered by the circuit court, sustaining Walker’s demurrer to the declaration of White, aud determining that White take nothing by his bill, &c.
(t) That the <l«c|¡nation^ je 0°” tract de-mauds, in the ^¿Sgagreat-w sum than the aggregate no cause for even special demurrer,
(2) That the than cither tliatdemaud-0fthe declaration or the ^¿nls matter of abatement of e^ot of demurrer,
The correctness of that judgment must, we appre-bend, turn upon the question, whether or not, in point of law, the facts alleged in the declaration show a cause of action in White, the plaintiff, for which debt can be maintained. • ,
(1) It is possible, that in sustaining the demurrer the court below may not have thought this question was involved; for, although (lie action is in debt, the dcclar-ation, in its commencement, demands a sum greater tban by the different counts the plaintiff attempts to claim, and it may have been thought, that in that respect the declaration was insufficient, and the demurrer of the defendant consequently sustained. But it should be remembered, that the action is founded on a simple contract, and the doctrine has long since been settled, that in such a case the plaintiff may recover a less sum than in his declaration he states the defendant to be in-de.bted to him.
Thus, in a case where the declaration recited that the defendant render to the plaintiff £500, in the several counts of the declaration the sums together amounted to but £450, and (he declaration concluded, that the defendant had not paid the.said £500, or any part thereof, there was a special demurrer for that cause; but the court held the declaration to be good, on the ground that the plaintiff might recover by verdict, a less sum than he demanded by his writ,. 2 Part, page 42, of 1 vol. Esp. N.
(2) But without controverting the correctness of this doctrine, there is another point of view in which it is possible the court below may have supposed the demurrer ought to be sustained, without intending to decide that the declaration contains no cause of action for which debt can be maintained. Though the aggre-ante amount of the several counts in the declaration is less than (he sum, which in the commencement of the declaration the defendant is demanded to render to the plaintiff it is greater than the debt .meniioned in the writ; and as oyer was prayed by the defendant, of the writ, it is not improbable but what the court may have sustained the demurrer on the ground of the variance between the sum demanded in the declaration and that contained in the writ.
That the debt demanded in the declaration ought not, in actions of debt, to exceed the debt mentioned in the *36 writ, will not be denied; not’ will it be contended, but w^at the declaration in the present case is in that res-pent exceptionable; but, for a variance of that sort, the objection goes in abatement to the declaration and counts thereof, and not in bar of the action; and of course, in deciding upon a demurrer, such as was putin by the defendant in this case in bar of the action, the objection cannot be sustained.
Monroe, for plaintiff; Swigert, for defendants
The cause must, then, as we have already remarked, turn upon the sufficiency of the facts alleged in the declaration to authorise the plaintiff to maintain an action of debt; and in response to that question, it is sufficient to remark, that we are incapable of perceiving any solid objection against 'sustaining the action. By an unnecessary and useless multiplication of counts, the parties may have become subject -to costs that ought never to have accrued; but in those counts there is evidently sufficient matter alleged, if true, to sustain the plaintiff’s action.
The judgment must, therefore, be reversed with costs, the cause remanded to the court below, and the demurrer of the defendant overruled, and such further proceedings there had, as may not be inconsistent wifh this opinion.